## WADE v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10379.   Decided December 9, 1929

Messrs. Thos. M. Frey and Louis J. Pridgeon, Cleveland, for Wade.
Messrs. Harold H. Burton and Fred W. Garmore, Cleveland, for State.

**VICKERY, PJ.**

Now as to the first ground of error, we think that the officers investigating the place as long as they did this place, and then procuring a search warrant and going into the place and finding liquor that was apparently held for trafficking purposes, when such a state of facts are developed, the matter of the search warrant isn't very material for under the Miller law in Ohio, if the find in a private dwelling house, with or without a search warrant is liquor, that is used for trafficking in liquor, the place ceases to become a private dwelling house. Aside from that, when the officers have investigated and put those facts up to the officer issuing the search warrant, and the writ is issued, that question has pretty nearly been judicially determined by those who have in charge the issuing of search warrants.

We fear that a misconception has been placed upon our decision in the Bender case. In that case the officers had a search warrant that was issued without any investigation, upon an anonymous note written to one of the enforcement officers, and upon a search they found nothing; and so there was not only want of investigation which would authorize the issuing of a search warrant but after the warrant was wrongfully issued, they then found nothing that would have warranted the issuing of a search warrant. In other words, if in the Bender case even though the search warrant was issued without proper investigation, had they found evidences of trafficking in liquor in the house such as they found in the home of plaintiff in error in the instant case, it might have been utterly immaterial as to the amount of investigation made before they procured the search warrant.

So we think there is nothing in the first contention whatever and the sooner the lawyers representing the defendants in these cases, fail to rely upon that as error in the Court of Appeals, the better it may be for their clients.

Now after getting by the issuing of a search warrant, the only other question is whether the evidence in the case would warrant the conviction of this woman. We do not see how any two minds can differ about that. There was liquor in different places and persons that were habitues of her house or at least visited it, went in sober and came out drunk, and in addition to that, we have the officers' statement of what this woman told them when the arrest was made. We think there is an abundance of evidence to sustain this conviction.

There being no other errors urged, and those urged not tenable, the Municipal Court was right in its judgment of conviction, and the same will therefore be affirmed.

Levine and Sullivan, JJ., concur.